# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| CITIMORTGAGE, INC., | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 14-2137-KHV-GLR** |
| **JEFFREY A. THOMASSON,** | ) | |
| **BRANDY L. THOMASSON, JANE DOE,** | ) | |
| **JOHN DOE, BANK OF AMERICA** | ) | |
| **NATIONAL ASSOCIATION,** | ) | |
| **DELBERT THOMASSON,** | ) | |
| **KATHALEEN THOMASSON,** | ) | |
| **MAIN STREET CREDIT UNION, AND** | ) | |
| **UNKNOWN HEIRS, EXECUTORS AND** | ) | |
| **ADMINISTRATORS, DEVISEES,** | ) | |
| **TRUSTEES, CREDITORS AND ASSIGNS,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On July 25, 2013, plaintiff filed suit in the District Court of Johnson County, Kansas against Jeffrey A. Thomasson, Brandy L. Thomasson, Jane Doe, John Doe, Bank of America National Association, Delbert Thomasson, Kathaleen Thomasson, Main Street Credit Union and unknown heirs, executors and administrators, devisees, trustees, creditors and assigns. The state court petition sought mortgage foreclosure of real property located in the State of Kansas. Doc. #1-2. On March 25, 2014, Jeffrey A. Thomasson and Brandy L. Thomasson removed the case to this Court, asserting federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. §1332. Notice Of Removal 28 U.S.C. § 1331 (Doc. #1). This matter comes before the Court on plaintiff's Motion To Remand To State Court (Doc. #9) filed April 23, 2014. Because the Court finds that the removal was untimely, plaintiff's motion to remand is sustained.

## Factual And Procedural Background

On August 2, 2013, plaintiff served the state court petition on defendant Brandy Thomasson. On August 9, 2013, plaintiff served defendant Jeffery Thomasson by certified mail. On August 28, 2013, Brandy and Jeffrey Thomasson filed an <u>Answer To Petition For Mortgage Foreclosure</u> in the District Court of Johnson County, Kansas. On March 25, 2014, Brandy and Jeffrey Thomasson removed the case to this Court.

## Legal Standards

A defendant may remove any state court civil action if a federal court has original jurisdiction over the claim. 28 U.S.C. § 1441(a). Federal courts strictly construe removal statutes and resolve all doubts in favor of remand. <u>See</u> <u>SBKC Serv. Corp. v. 1111 Prospect Partners, L.P.</u>, 105 F.3d 578, 580 (10th Cir. 1997). In addition to lack of subject matter jurisdiction, defects in removal procedure are grounds for remand. <u>See</u> 28 U.S.C. § 1447(c); <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706, 711-12 (1996); <u>Henderson v. Holmes</u>, 920 F. Supp. 1184, 1186 (D. Kan. 1996).

Under 28 U.S.C. § 1441(a), all defendants properly joined and served must join in or consent to the removal of the action within the 30-day period defined in Section 1446(b)(1).[1] <u>See</u>

---

[1]   28 U.S.C. § 1446 provides in relevant part as follows:

(a) Generally. – A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) Requirements; generally. –
        (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or

(continued...)

28 U.S.C. § 1446(b)(2)(A); Henderson  v. Holmes, 920 F. Supp. 1184, 1186-87 (D. Kan. 1996).

Failure to comply with this requirement renders the notice of removal procedurally defective and

subject to remand.  See 28 U.S.C. § 1447(c); Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072,

1077 (10th Cir. 1999); Henderson, 920 F. Supp. at 1186.  The party seeking removal carries the

burden to show the propriety of removal and the existence of removal jurisdiction.  Ortiz v.

Biscanin, 190 F. Supp.2d 1237, 1241 (D. Kan. 2002); see Baby C v. Price, 138 F. App'x. 81, 83-84

(10th Cir. 2005).

**<u>Analysis</u>**

Plaintiff seeks remand, asserting that the removal was untimely under 28

U.S.C. § 1446(b)(1).  On August 2 and August 9, 2013, plaintiff served the state court petition on

Brandy Thomasson and Jeffrey Thomasson respectively.  On August 28, 2013, the Thomassons

filed an answer in the state court proceeding.  The Thomassons did not file their notice of removal

until March 25, 2014, well outside the thirty day period under Section 1446(b)(1).  Plaintiff filed

---

[1](...continued)

> otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

> (2)(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

> (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

the motion to remand on April 23, 2014.

As of June 1, 2014, the Thomassons have not filed a response to the motion to remand. Under D. Kan. Rule 6.1(d)(2), the response to a motion to remand must be filed within 21 days. Pursuant to D. Kan. Rule 7.4, if a respondent fails to file a timely response to a motion, the Court will consider and decide the motion as an uncontested motion, and ordinarily, the Court will grant the motion without further notice.

Further, here, the Thomassons have not contested that plaintiff served the state court petition on Brandy Thomasson on August 2, 2013 and on Jeffrey Thomasson on August 9, 2013. The notice of removal – filed nearly seven months later on March 25, 2014 – was untimely.[2]

**IT IS THEREFORE ORDERED** that plaintiff's <u>Motion To Remand To State Court</u> (Doc. #9) filed April 23, 2014 be and hereby is **SUSTAINED**.

The Clerk of Court is directed to **REMAND** the case to the District Court of Johnson County, Kansas.

Dated this 2nd day of June, 2014 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2]  In the alternative, plaintiff correctly points out that the Thomassons have not shown that all properly joined and served defendants joined in or consented to removal, 28 U.S.C. § 1446. <u>See</u> <u>Geisler v. Don Hunt & Assocs.</u>, No. 11-1113-JTM, 2012 WL 966119, at *1 (D. Kan. Mar. 21, 2012); <u>Henderson</u>, 920 F. Supp. at 1186. The notice of removal was therefore procedurally defective. <u>See</u> <u>Henderson</u>, 920 F. Supp. at 1186.